UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

| | | | |
|---|---|---|---|
| **CASE NO.:** | ED CV 18-02600 SJO (KKx) | **DATE:** | January 29, 2019 |
| **TITLE:** | Elizabeth Partida v. Stater Bros. Markets, et al. | | |

========================================================================
**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz
Courtroom Clerk

Not Present
Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**

Not Present

**COUNSEL PRESENT FOR DEFENDANT:**

Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER DENYING PLAINTIFF'S MOTION TO REMAND** [Docket No. 16]

This matter is before the Court on Plaintiff Elizabeth Partida's ("Plaintiff") Motion to Remand Case to State Court ("Motion"), filed January 7, 2019. Defendant Stater Bros. Markets ("Defendant") opposed the Motion ("Opposition") on January 14, 2019. The Court found the matter suitable for disposition without oral argument. *See* Fed. R. Civ. P. 78(b). For the following reasons, Plaintiff's Motion is **DENIED**.

I.   FACTUAL AND PROCEDURAL BACKGROUND

Elizabeth Partida is the named plaintiff in the instant class action wage and hour dispute. (*See generally* Notice of Removal Ex. A, ECF No. 1-1.) On December 14, 2018, Plaintiff filed a Complaint against Defendant ("Complaint") in the Superior Court of the State of California County of San Bernardino in a case captioned *Elizabeth Partida v. Stater Bros. Markets, et al.*, asserting the following causes of action:

(1) Failure to pay overtime wages ("Overtime Claim");

(2) Failure to timely pay wages upon termination;

(3) Failure to provide second meal periods ("Meal Claim");

(4) Failure to provide rest periods ("Rest Period Claim");

(5) Failure to furnish and maintain accurate payroll records; and

(6) Unlawful business practices under California Business and Professions Code § 17200..

(Compl. ¶ 1.)

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| CASE NO.: | <u>ED CV 18-02600 SJO (KKx)</u> | DATE: | <u>January 29, 2019</u> |

Plaintiff seeks to represent six classes of similarly situated current or former non-exempt employees of Defendant in California (the "Class"). (Compl. ¶ 24.)  Defendant names the following six subclasses:

(1) The Overtime Subclass;
(2) The Waiting Time Subclass;
(3) The Second Meal Period Subclass;
(4) The Rest Period Subclass;
(5) The Wage Statement Subclass; and
(6) The UCL Subclass.

(Compl. ¶ 25.)

In her Complaint, Plaintiff alleges that for at least four years prior to the filing of this action (the "Class Period"), Defendant failed to pay for all hours worked upon termination, including by "requir[ing] that employees working over ten (10) hours of overtime clock out after the tenth (10th) hour, wait for a brief period, and clock back in, so that they would continue the shift earning their regular rate of pay, instead of the double-time to which they were entitled," in violation of various California laws and an agreed upon collective-bargaining agreement ("CBA").[1]  (*Id.* at ¶ 38.)  Plaintiff also alleges that Defendant prohibited its employees from taking timely and proper meal and rest breaks during work hours, and failed to furnish accurate wage statements to Plaintiff and the Class.  (*Id.* at ¶¶ 16-20.)  Plaintiff seeks recovery of unpaid overtime wages, plus interest and penalties, attorneys' fees, and costs. (*Id.* at ¶¶ 41, 47, 54, 60, 67, 72.)

      A.    <u>Removal</u>

On December 14, 2018, Defendant removed Plaintiff's action to this Court on the bases of federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.  (*See* Notice of Removal.)  Specifically, Defendant asserts that (1) Plaintiff's Overtime Claim, (2) Plaintiff's Meal Claim, and (3) Plaintiff's Rest Period Claim are preempted by federal law, Section 301 of the Labor Management Relations Act ("LMRA").  (*Id.* (citing 29 U.S.C. § 185.))  Additionally, Defendant argues that this Court should exercise supplemental jurisdiction over Plaintiff's remaining claims. (*Id.* (citing 28 U.S.C. § 1367.))

      B.    <u>The Instant Motion</u>

In the instant Motion, Plaintiff seeks to remand this action to San Bernadino Superior Court. Specifically, Plaintiff does not dispute that she is subject to the CBA, but maintains that (1) her

---

[1]  The Court denies remand based on preemption of Plaintiff's Overtime Claim.  Thus, the facts detailed above apply specifically to the Overtime Claim.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | | |
|---|---|---|
| **CASE NO.:** <u>ED CV 18-02600 SJO (KKx)</u> | **DATE:** | <u>January 29, 2019</u> |

rights are governed by California statutes which arise independently of the established CBA, and (2) her claims are not preempted by federal employment law. (*See generally* Mot.)

II.     DISCUSSION

    A.     Legal Standard

        1.     Removal Jurisdiction

The removal statute allows a defendant to remove a case originally filed in state court into federal court if it presents a federal question or is between citizens of different states and involves an amount in controversy over $75,000. *See* 28 U.S.C. §§ 1331, 1441. A "federal question" is presented if the claim arises under the Constitution, laws, or treaties of the United States. *Id.* Federal courts are well established to be "courts of limited jurisdiction." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). As such, "a federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted). Furthermore, a federal court's lack of subject matter jurisdiction may be challenged by any party at any time, and it is never waived. *See United States v. Cotton*, 535 U.S. 625, 630 (2002); *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1163-64 (9th Cir. 2002). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, **the case must be remanded.** *See* 28 U.S.C. § 1447(c).

Federal question jurisdiction typically exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Thus, where a plaintiff has both state and federal claims, she can prevent removal by simply choosing not to address the latter in her complaint. *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 244 (9th Cir. 1996). Where there is "any doubt as to the right of removal in the first instance," the Ninth Circuit has held that courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted).

        2.     LMRA Preemption

Section 301 of the Labor Management Relations Act ("LMRA" or "Section 301") gives federal courts the exclusive jurisdiction to hear "suits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). Section 301 governs claims that involve right(s) granted to an employee solely based on a collective bargaining agreement or right(s) that are "substantially dependent" on a [collective bargaining agreement]. *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1033 (9th Cir. 2016) (*quoting Caterpillar*, 482 U.S. at 394). This is to "ensure uniform interpretation of collective-bargaining agreements, and thus to promote the peaceable, consistent resolution of labor-management disputes." *Lingle v. Norge Division of*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.:  <u>ED CV 18-02600 SJO (KKx)</u>          DATE:      <u>January 29, 2019</u>

*Magic Chef, Inc.,* 486 U.S. 399, 404 (1988).  **A state law claim is preempted if it is so "inextricably intertwined" with the terms of a CBA that its resolution requires judicial interpretation of those terms.**  *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985).

However, state law claims with no other relationship to a collective-bargaining agreement beyond the fact that they are asserted by an individual covered by a CBA are not preempted by Section 301.  See *Franchise Tax Bd. Of State of Cal. V. Construction Laborers Vacation Trust for Southern California,* 463 U.S. 1, 25 (1983).  In addition, claims set forth that deal with "nonnegotiable state-law rights" are not preempted by Section 301.  *Allis-Chalmers Corp.*, 471 U.S. at 213.  If the rights created by state law can be enforced without resorting to the interpretation of terms of a labor contract, a claim based on those rights are not preempted by Section 301.  See *Caterpillar,* 482 U.S. at 391.

    B.    <u>Analysis</u>

The Court first addresses whether Plaintiff's Overtime Claim, which mentions the CBA, is preempted by Section 301.  Second, the Court addresses supplemental jurisdiction over Plaintiff's remaining claims.

        1.    <u>Plaintiff's Overtime Claim is Preempted</u>

            a.    <u>Plaintiff's Overtime Claim Requires Interpretation of a CBA Provision</u>

Plaintiff argues that Defendant willfully failed to properly pay overtime wages in violation of Labor Code Section 510, IWC Wage Order 9, and the CBA. (Compl. ¶ 35.)  Plaintiff's assertion stems from the allegation that Defendant "required that employees working over ten (10) hours of overtime clock out after the tenth (10th) hour, wait for a brief period, and clock back in, so that they would continue the shift earning their regular rate of pay, instead of the double-time to which they were entitled" in violation of various state laws and the applicable CBA. (Compl. ¶ 38.)  The applicable term of the CBA alleged to have been violated is as follows:

> "A. Overtime shall be paid all employees who work in excess of eight (8) hours in any one (1) day. It shall also be paid to all employees who work on the sixth (6th) and/or seventh (7th) days of any one (1) week, after accumulating a five (5) day week at the rate of time and one-half (1.5x) the regular rate of pay. Overtime work beyond two (2) hours on any given shift, exclusive of the lunch hour, shall be compensated for at the rate of double time (2x) the regular rate of pay. Nothing herein contained shall prevent the Employer and the Union from establishing or continuing a mutually satisfactory system regarding overtime and seniority."

(Notice of Removal, Ex. 6 at 24-25, ECF No. 1-6;  Compl. ¶ 37.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| **CASE NO.:** | ED CV 18-02600 SJO (KKx) | **DATE:** | January 29, 2019 |

Defendant contends that Plaintiff has no right to overtime wages, but rather that Defendant and the applicable union came to an "alternative, mutually satisfactory system relating to the payment of overtime wages based on seniority" in line with the very CBA provision pointed out by Plaintiff as having been violated. (Notice of Removal ¶ 28; *See* ECF No. 1-6 at 24-25, supra, Art. XVIII(A)) ("nothing herein contained shall prevent the Employer and the Union from establishing or continuing a mutually satisfactory system regarding overtime and seniority"). Defendant additionally argues that Plaintiff's analysis of the CBA in her complaint necessarily requires an interpretation of the CBA, and further, that Plaintiff's Overtime Claim is necessarily dependent upon the interpretation of the CBA, which means it is preempted by Section 301. *(See generally,* Removal.)

        b.      Pursuant to the *Burnside* Test, Plaintiff's Overtime Claim is Preempted

The Ninth Circuit has held that "the preemptive force of [S]ection 301 is so powerful as to displace entirely any state claims based on a collective bargaining agreement, and any state claim whose outcome depends on analysis of the terms of the agreement." *Young v. Anthony's Fish Grottos, Inc.,* 830 F.2d 993, 997 (9th Cir. 1987)(citations omitted). Two decades later, the Ninth Circuit articulated a two-part test to better determine whether a cause of action is preempted by Section 301 in *Burnside v. Kiewit Pacific Corp.*, 491 F.3d 1053 (9th Cir. 2007). Per *Burnside,* a court must first (1) determine "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA. If the right exists solely as a result of the CBA, then the claim is preempted ("*Burnside* Prong 1")." *Id.* at 1059. However, if the right exists independently of the CBA, "(2) [the court] must still consider whether it is nevertheless substantially dependent on analysis of a collective-bargaining agreement ... If such dependence exists, then the claim is preempted by [S]ection 301; if not, then the claim can proceed under state law ("*Burnside* Prong 2")." *Id.* at 1059-60 (citations omitted).

        i.      Plaintiff's Overtime Claim Satisfies *Burnside* Prong 1 Because it Does Not Exist Independently of the CBA

"To determine whether a particular right inheres in state law or, instead, is grounded in a CBA, [a court] must consider the legal character of a claim, as **independent** of rights under the collective-bargaining agreement [and] **not whether a grievance arising from 'precisely the same set of facts' could be pursued**." *Burnside*, 491 F.3d at 1060 (citing *Livadas v. Bradshaw*, 512 U.S. 107, 123 (1994) (citation omitted).) In other words, "If a claim arises entirely from a right or duty of the CBA—for example, a claim for violation of the labor agreement [], it is, in effect, a CBA dispute in state law garb, and is preempted. *Alaska Airlines v. Schurke*, 898 F.3d 904, 920-21 (9th Cir. 2018) (citing *Livadas*, 512 U.S. at 122–23).) "In such cases, the CBA is the 'only source' of the right the plaintiff seeks to vindicate... [and] there is no part of the claim [] which the uniform body of federal labor law does not control." *Id.* (citation omitted). However, claims which "just refer to a CBA-defined right, rely in part on a CBA's terms of employment, run parallel to a CBA violation, or invite use of the CBA as a defense," are not preempted. *Id.* (citations omitted).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | | |
|---|---|---|
| CASE NO.: <u>ED CV 18-02600 SJO (KKx)</u> | DATE: | <u>January 29, 2019</u> |

Here, Plaintiff's Overtime Claim states that Defendants violated the California Labor Code, Sections 218 and 510, IWC Wage Order 9, and the CBA. (Compl. ¶ 34.) Plaintiff first cites the applicable California Labor Code and IWC provisions which state that:

> if a class member worked more than eight (8) hours in a day or more than forty (40) hours in a work week, **Defendants were required to pay class members at time and one half (1.5x) that person's regular rate of pay, and double (2x) their regular rate of pay if they worked more than twelve (12) hours per day.**

(*Id.* at ¶ 35 (citing Cal. Lab. Code § 510; IWC Wage Order 9).)

Plaintiff subsequently cites the CBA, which requires an entirely different overtime wage calculation:

> "Overtime shall be paid to all employees who work in excess of eight (8) hours in any one (1) day. It shall also be paid to all employees who work on the sixth (6th) and/or seventh (7th) days of any one (1) week, after accumulating a five (5) day week at the rate of time and one-half1.5x) the regular rate of pay. **Overtime work beyond two (2) hours on any given shift, exclusive of the lunch hour, shall be compensated for at the rate of double time (2x) the regular rate of pay.** Nothing herein contained shall prevent the Employer and the Union from establishing or continuing a mutually satisfactory system regarding overtime and seniority."

(Compl. ¶ 37 (citing Notice of Removal, Ex. 6 at 24-25.))

The Court finds that Plaintiff's Overtime Claim is preempted under *Burnside* prong 1 because the CBA confers rights on the Plaintiff which state law does not. Specifically, the CBA requires **two times (2x) the regular rate of pay if an employee works ten (10) hours or more per day**. In contrast, the state provisions require time and one half (1.5x) the regular rate of pay **which only doubles once an employee works for more than twelve (12) hours per day.** Moreover, looking to the Complaint, Plaintiff applies the facts of her case to match the CBA overtime provisions, not the state law overtime provisions. Plaintiff states that "for at least four years prior to the filing of this action, Defendant failed to pay for all hours worked upon termination, including by "requir[ing] that employees **working over ten (10) hours of overtime clock out after the tenth (10th) hour**, wait for a brief period, and clock back in, so that they would continue the shift earning their regular rate of pay, instead of the double-time to which they were entitled." (Compl. ¶ 38.) On balance, Plaintiff's allegation factually matches the pertinent CBA overtime provision, **not** the pertinent state law provisions. Plaintiff's Overtime Claim does not "run parallel" to state law claims because it asserts rights uniquely provided in the CBA. *Alaska Airlines,* 898 F.3d at 920-21.

Thus, Plaintiff's Overtime Claim is preempted under *Burnside* Prong 1.

   ii. Plaintiff's Overtime Claim Satisfies *Burnside* Prong 2 Because it is Substantially Dependent on Analysis of the CBA and is Thus Preempted

Although Plaintiff's Overtime Claim satisfies *Burnside* prong 1, the Court addresses Burnside Prong 2 for purposes of completeness.

A claim is substantially dependent on the terms of a CBA **if the claim can only be resolved by interpreting the CBA**, rather than looking to it. *Burnside*, 491 F.3d at 1060. However, the "look to"/"interpret" distinction is "not always clear or amenable to a bright-line test." *Id.* (citation omitted). Neither "look[ing] to the CBA merely to discern that none of its terms is reasonably in dispute," nor "the simple need to refer to bargained-for wage rates in computing [a] penalty," is enough to warrant preemption. *Id.* (internal citations omitted).

Given that the law of preemption under the instant circumstances is somewhat opaque, the Court analyzes Plaintiff's claim by comparing it to other controlling cases which came before it.

In *Firestone v. Southern California Gas Company*, the plaintiffs were meter readers whose unions negotiated with defendant, a formula for determining overtime hours. 219 F.3d 1063, 1065-66 (9th Cir. 2000). The defendant's calculation of the union employees' overtime pay, however, deviated from the parties' signed agreement. *Id.* The parties therefore "disagree[d] on the meaning of terms in the collective bargaining agreement for purposes of California law." *Id.* at 1066. The district court held that **one could not determine whether plaintiffs were indeed receiving a 'premium wage rate' for overtime hours worked under the CBA without interpreting the agreement to determine what the regular rate was.** *Id.* The Ninth Circuit agreed - a resolution of the parties' dispute would require an interpretation of the CBA's terms to determine if plaintiffs were receiving a premium wage for overtime work, making them exempt from California overtime laws. *Id.* at 1067.

Similarly in *Coria v. Recology, Inc.*, 63 F. Supp. 3d 1093 (N.D. Cal. 2014), a plaintiff truck-driver filed a wage-and-hour class action against his former employer for failure to properly pay overtime wages. In ruling that plaintiff's overtime claim was preempted by LMRA Section 301, the court highlighted that plaintiff's overtime claim was based not on the right to receive overtime wages under California law, **but rather on the calculation method of the overtime hours due for payment.** *Id.* at 1099. The *Coria* court further distinguished the plaintiff's claim from that of the plaintiff in *Gregory v. SCIE, LLC,* 317 F.3d 1050 (9th Cir. 2003) by highlighting that in *Gregory*, the plaintiff's claim was based on the employer's failure to pay premium wage rates for overtime hours in violation of California overtime wage laws, *not* on a provision of the applicable CBA, which was "silent about whether hours worked on different productions are or are not to be aggregated when calculating overtime hours worked." *Coria*, 63 F. Supp. 3d at 1099 *(quoting Gregory, supra*, at 1053). The Court ruled that unlike in *Gregory*, where neither reference nor interpretation of the CBA was necessary to resolve the parties' dispute, in *Coria*, the resolution of the plaintiff's claim

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | | |
|---|---|---|
| CASE NO.: <u>ED CV 18-02600 SJO (KKx)</u> | DATE: | <u>January 29, 2019</u> |

was **necessarily dependent on the interpretation of the applicable CBA provision, and thus preempted.** *Id.* at 1100.

Here, similar to *Firestone* and *Coria,* Plaintiff's Overtime Claim is inextricably intertwined with the CBA overtime provisions. Just like in *Coria*, Plaintiff calculates her Overtime Claim using the CBA, which requires double time (2x) pay after 10 hours of work on any given day. (Compl. ¶¶ 37-38.) As such, the Overtime Claim is "substantially dependent" on the interpretation of the CBA, because the CBA overtime provision, **not state law,** determines the "calculation method of the overtime hours due." *Coria*, 63 F.Supp.3d at 1099. Moreover, in regards to Plaintiff's Overtime Claim alone, Defendant argues that the Court must interpret the CBA in order to define "regular rate of pay...the lunch hour rate at any premium...a mutually satisfactory system...and whether the mutually satisfactory system or the CBA..." controls Plaintiff's Overtime claim. (Opp'n. 15-17 (citing Notice of Removal Ex. 6.) The Court agrees that these calculations involve much more than simply "looking to" the CBA.

Thus, because Plaintiff's Overtime Claim is "substantially dependent" on the CBA's terms, it satisfies *Burnside* Prong 2. *Burnside*, 491 F.3d at 1060.

In sum, the Court thus finds Plaintiff's Overtime Claim is preempted.

      C.     <u>The Court Exercises Supplemental Jurisdiction Over Plaintiff's Remaining Claims</u>

Defendant argues that plaintiff's remaining claims for relief are within the supplemental jurisdiction of this Court. (Notice of Removal ¶ 35 (citing 28 U.S.C § 1367(a).)

"in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The Ninth Circuit has held that "a district court may exercise supplemental jurisdiction over claims that are brought in conjunction with claims that are preempted by the LMRA." *Brown v. Brotman Med. Ctr., Inc.,* 571 Fed. App'x 572, 576 (9th Cir. 2014) (citing *Ellis v. Gelson's Markets*, 1 F.3d 1246 (9th Cir. 1993)).

As established, Section 301 preempts Plaintiff's Overtime Claim, providing original federal jurisdiction. 28 U.S.C.A. § 1331. Plaintiff's remaining claims relate to the same Defendant, alleging control over the class member's wages, hours, and working conditions, all occurring during the Class Period. (Compl. ¶ 10.) Thus, Plaintiff's additional claims are so related to Plaintiff's Overtime Claim that supplemental jurisdiction is appropriate. See 28 U.S.C. § 1367(a).

To the extent that Plaintiff's remaining claims fall outside the scope of preemption, the Court exercises supplemental jurisdiction

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| **CASE NO.:** | ED CV 18-02600 SJO (KKx) | **DATE:** | January 29, 2019 |

III. <u>RULING</u>

The Court thus **DENIES** Plaintiff's Motion to Remand.

IT IS SO ORDERED.